## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ALERIS ALUMINUM CANADA L.P. and
ALERIS ALUMINUM KOBLENZ GmgH,       Case No. 09-10490-PJD-RSW

    Plaintiffs,                          Honorable Patrick J. Duggan

v.

VALEO, INC.,
    Defendant.
_____/

VALEO, INC.,
    Counter-Plaintiff,
v.
ALERIS ALUMINUM CANADA, L.P.,
    Counter-Defendant.

**Stipulation for Entry of Protective Order**
**Providing for Confidentiality Of Certain Information**

    Aleris Aluminum Canada L.P. and Valeo, Inc., by their respective undersigned counsel, stipulate to entry of the Protective Order Providing for Confidentiality of Certain Information attached as Exhibit A.

Stipulated and approved as to form: Warner Norcross & Judd LLP
By:   /s/ Sarah C. Lindsey
William R. Jansen (P36688)
Sarah C. Lindsey (P68544)
Warner Norcross & Judd LLP
2000 Town Center
Suite 2700
Southfield, MI  48075
Tel. (248) 784-5147
slindsey@wnj.com

*Attorneys for Aleris Aluminum Canada L.P.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALERIS ALUMINUM CANADA L.P. and
ALERIS ALUMINUM KOBLENZ GmgH,   Case No. 09-10490-PJD-RSW

    Plaintiffs,   Honorable Patrick J. Duggan

v.

VALEO, INC.,

    Defendant.
_____/

VALEO, INC.,

    Counter-Plaintiff,

v.

ALERIS ALUMINUM CANADA, L.P.,

    Counter-Defendant.
_____/

**Protective Order Providing**
**for Confidentiality Of Certain Information**

    This matter having come before the Court on the Stipulation of Aleris Aluminum Canada L.P. and Valeo, Inc. for Entry of Protective Order Providing for Confidentiality of Certain Information, the Court being fully advised in the premises, and no further notice or hearing being necessary:

    **IT IS ORDERED** that this Protective Order Providing for Confidentiality of Certain Information (the "Order") will govern all documents, information, and witness testimony produced by the Parties (defined below) to Case No. 09-10490 (the "Case") as follows:

1. The parties to this Order (individually a "Party" and collectively the "Parties") are:

    (a) Aleris Aluminum Canada. L.P. ("Aleris"); and

    (b) Valeo, Inc. ("Valeo").

All references to the Parties includes each respective Party's counsel, agents, experts, consultants, employees, and representatives.

2. A non-party to this Case that produces information to a Party in connection with this Case, whether or not in response to a subpoena, may avail itself of the protections afforded by this Order to the Parties by placing a confidential marking on such information in accordance with paragraphs 8 and 9.

3. All documents and information produced by any party in response to discovery requests will be received and maintained by all Parties receiving such production and by all persons receiving such documents and information directly or indirectly from any Party strictly in accordance with the terms of this Order. The preceding includes, but is not limited to, document production, interrogatory answers, responses to requests for admission, depositions, examinations, and discovery material otherwise produced or provided by any party. This Order also governs all information derived from such documents and testimony, and all copies, excerpts, or summaries of the same.

4. The term "document" as used in this Order will be synonymous in meaning and equal in scope to the usage of that term in Rule 34 of the Federal Rules of Civil Procedure, and will include every writing and recording within the meaning given those terms in Rule 1001 of the Federal Rules of Evidence, and will specifically include electronically stored information.

5. The term "information" as used in this Order means all facts contained within documents, and all oral or written testimony, declarations, affidavits, depositions, statements (whether or not transcribed or recorded), or other information, however denominated.

6. The term "Confidential Information" refers to the Parties' trade secrets and "other confidential business information" as defined below, and also includes the trade secrets and "other confidential business information" of third-parties that any Party has an obligation or duty to maintain as confidential.

    (a) As used in this Order, the term "trade secrets" means information, including any formula, pattern, compilation, program, device, method, technique, or process, that:

        (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

        (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. (Uniform Trade Secrets Act § 1(4), 14 U.L.A. 437, 438 (Master Edition 1990)).

    (b) As used in this Order, the term "other confidential business information" includes, without limitation, documents and information relating to

        (1) Valeo's proprietary and/or confidential commercial information;

        (2) Valeo's customers' proprietary and/or confidential commercial information that Valeo has an obligation or duty to maintain as confidential;

        (3) Aleris's proprietary and/or confidential commercial information;

    (4) Aleris's customers' proprietary and/or confidential commercial information that Aleris has an obligation or duty to maintain as confidential;

    (5) information relating to or provided by suppliers that is the subject of a confidentiality agreement;

    (6) Aleris's pricing information that is not otherwise publicly available;

    (7) Valeo's pricing information that is not otherwise publicly available;

    (8) third party pricing, including the identification of suppliers or possible suppliers if such identity is not otherwise publicly available;

    (9) detailed engineering drawings, part and product specifications, and the process of producing the same;

    (10) business analyses, product inventory data, formulas, and strategies that are not otherwise publicly available; and

    (11) unreleased products or products in development.

The foregoing "other confidential business information" is integral to the Parties' (or its customers') respective businesses and affords each a competitive advantage. Accordingly, public disclosure of this information would result in substantial economic harm to the Parties.

  7. The term "Confidential Material" means any document, as defined in this Order, containing Confidential Information, as defined in this Order.

8.     In connection with formal or informal discovery proceedings in this Case, a Party may designate, in its discretion, any Confidential Material, Confidential Information, or material derived therefrom as "CONFIDENTIAL."

9.     Confidential Material may be so designated by stamping or appending some conspicuous place with the legend "CONFIDENTIAL."  For example, in the case of a paper document, a producing Party will mark each applicable page.  In the case of other tangible items, a producing Party may so mark any appropriate location.  In the case of an electronic document, a producing Party may append to that document a similar notation, or may place the mark "CONFIDENTIAL" on the outside of the medium (whether disc, hard drive, etc.) containing the document.

10.    If any Party discovers, after it has produced documents or information, that confidential documents or information have been inadvertently produced without being correctly designated as "CONFIDENTIAL" the Party may correct that error by a subsequent designation made in writing specifically identifying the designated document or information and requesting that the item or items of information be designated as confidential.  The receiving party will immediately mark the designated item or items as "CONFIDENTIAL" in accordance with the terms of this Order.  The inadvertent or unintentional disclosure by the producing Party of any confidential document or information, regardless whether such document or information was designated as such at the time of disclosure, shall not be deemed a waiver in whole or in part of any Party's claim to confidentiality, privilege, or immunity either as to the specific document or information disclosed or as to any other document or information relating to the subject matter disclosed.  To the extent that any document or information has not been

5

designated as "CONFIDENTIAL" and is subsequently identified as such, no Party shall be liable under this Order for disclosure of such document or information before it is so designated.

11. Any inadvertent or unintentional disclosure of any document or materials subject to a claim of any privilege or of protection as trial-preparation material shall not result in the waiver of any associated privilege or protection nor result in a subject matter waiver of any kind. A Party must promptly notify all other parties if it determines that it has inadvertently disclosed privileged materials. Any Party to whom such materials have been disclosed will cooperate in the immediate return of all copies of such material from any persons known to have possession of any such materials who are not entitled to them as privileged or otherwise exempt from production. The Parties agree that no copies will be made of the inadvertently disclosed materials. Nothing in this paragraph constitutes a waiver of any Party's right to challenge a Party's claim of privilege for any reason. Until such challenge has been resolved by order of Court or by written agreement of the Parties, no Party shall use or disseminate the subject materials in any manner inconsistent with the Party's claim of privilege or other exemption.

12. Testimony taken at a deposition, conference, hearing, or trial may be designated as "CONFIDENTIAL" by making a statement to that effect on the record at the deposition or other proceeding. Arrangements must be made with the court reporter taking and transcribing such proceeding to label such portions appropriately. Where appropriate, counsel for the Parties may agree at the beginning of the deposition that the entire transcript, or identified portions, shall be designated "CONFIDENTIAL" subject to review of the transcript and withdrawal of any unnecessary designation within thirty (30) days of receipt of the final transcript.

13. In the case of any answers to interrogatories or responses to requests for admission, designations must be made by means of a statement in the answers or responses specifying that the answers or responses or specific portions are "CONFIDENTIAL." The following legend must be placed on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION – DESIGNATED PARTS NOT TO BE USED, COPIED, OR DISCLOSED EXCEPT AS AUTHORIZED BY THE PROTECTIVE ORDER."

14. Confidential Information, Confidential Material, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated "CONFIDENTIAL" may be used only for the purpose of litigating the Case, and may not be used, directly or indirectly, for the purpose of gaining any advantage in the marketplace or otherwise with respect to the business of the Parties or their affiliates, successors, or assigns.

15. Documents or information produced in accordance with this Order as "CONFIDENTIAL" may be disclosed or made available only to the Court and to counsel for the Parties (including the paralegal, clerical, and secretarial staff employed by such counsel in connection with the Case) and to the "qualified persons" designated below:

    (a) representatives of the Parties;

    (b) current and former employees of Valeo, Valeo Engine Cooling, Inc., Valeo Systemes Thermiques S.A., Valeo Sistemas Automotivos Ltda., and Valeo Sistemas Electricos S.A. de C.V.;

    (c) current and former employees of Aleris, Aleris Light Gauge Products, Inc., and Aleris International, Inc.;

7

    (d)    experts or consultants (together with their clerical staff) retained by the respective Parties to assist in the Case;

    (e)    court reporter(s) employed in the Case;

    (f)    a witness at any deposition or other proceeding in the Case; and

    (g)    any other person with the written consent of all Parties.

Documents or information produced in accordance with this Order as "CONFIDENTIAL" may not be disclosed to current or former employees of the parties' affiliates that are not expressly identified in this paragraph 15 including, without limitation, Aleris Aluminum Koblenz GmgH ("Aleris Germany"), and may not be disclosed to persons (i) who are reasonably expected to be employed by Aleris Germany in the future or (ii) whose access to such documents would allow for Aleris Germany to have access to such documents.

16.    Depositions may be taken only in the presence of "qualified persons."

17.    Before receiving any documents or information produced in accordance with this Order as "CONFIDENTIAL" each "qualified person" and each person employed by a "qualified person" who will review it must be provided with a copy of this Order and must execute the Confidentiality Agreement at <u>Attachment A</u> to this Order.  Counsel for the receiving Party must maintain a copy of each executed Confidentiality Agreement, which must be provided to counsel for any Party upon request if the Party making such request believes in good faith that its Confidential Information or Confidential Material has not been maintained in accordance with this Order.  Within 7 calendar days of the final disposition of the Case, each Party will provide to the other Parties a copy of each executed Confidentiality Agreement.

18. Nothing in this Order imposes any restrictions on the use or disclosure by a Party of its own Confidential Material as it deems appropriate.

19. If Confidential Material, including any portion of a deposition transcript designated as "CONFIDENTIAL," is sought to be included in any papers to be filed in Court, the Confidential Material must be filed under seal.

20. If any Confidential Material is used in any hearing or court proceeding in the Case, it will not lose its confidential status through such use, and the Party using it must take all reasonable steps to maintain its confidentiality during such use. If oral argument is requested on any matter that requires disclosure of Confidential Information, the Party that seeks such argument must indicate this fact to counsel for the other Parties at or before the hearing of the matter. All portions of transcripts of such hearings containing Confidential Information must be deemed confidential and filed under seal in accordance with the terms of this Order and subject to approval by the Court.

21. If Confidential Information is referred to in any pleading, paper, court hearing, or court proceeding in the Case that is not under seal, it may only be referenced in summary or general terms, and without making specific reference to any Confidential Information.

22. This Order is without prejudice to the right of the Parties or any interested member of the general public to (i) bring before the Court, in accordance with Paragraph 23, the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified in

this Order. This Order will not be deemed to prejudice the Parties in any way in any motion seeking supplementation or modification of this Order.

23. If any Party or interested member of the general public objects to the designation of a document or information as Confidential, it must notify counsel for the Party whose information is at issue, in writing, setting forth the reasons supporting such objection. The applicable Party must respond in writing to any such notification within seven business days of receipt, or such longer period as may be agreed to by counsel for the Parties, by either (i) modifying or withdrawing all or part of the designation or (ii) declining to redesignate any part of such designation, setting forth the reason(s) supporting the designation. Within seven business days of receipt of a notification that the applicable Party refuses to reclassify information designated as confidential, counsel for the Parties must confer in good faith in an attempt to resolve the issues. If the Parties are unable to agree, the Party objecting to the designation may move the Court for an order denying confidential treatment for the particular document or information. With respect to any such motion:

    (a) the burden of establishing that the document or information is entitled to treatment as confidential rests on the Party making that contention; and

    (b) until the issue is finally determined by the Court or, in the event of an immediate interlocutory appeal, upon termination of such appeal, the document or information must be given the confidential treatment initially assigned to it and provided for in this Order.

24. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties without involving the Court unnecessarily in the

process. Nothing in this Order, the production of any document or information in accordance with the this Order, or any proceedings under this Order, will be deemed to have the effect of an admission or waiver by any Party. Additionally, neither the Order nor production or proceedings under the Order will alter the confidentiality or nonconfidentiality of any document or information or alter any existing obligations of any Party. Finally, compliance with this Order will not operate as an admission as to the admissibility of any Confidential Information or Confidential Material.

     25.    This Order will survive the termination of the Case and the Court will retain jurisdiction to resolve any dispute concerning the use of documents or information disclosed in accordance with this Order. Unless the Parties agree otherwise in writing, within 90 calendar days of the final disposition of the Case, all Confidential Material disclosed or received by any Party to this Order, or any "qualified person," will be returned to the designating Party or destroyed by counsel for the Party in possession of the Confidential Material. At the option and upon the written request of counsel for the designating Party, counsel for the Party in possession of Confidential Material will promptly certify in writing to the designating Party that all Confidential Material has been returned or destroyed in accordance with this Paragraph.

     Notwithstanding the foregoing, outside counsel for the Parties will be permitted to retain the following, provided that no disclosure of any of the same shall be made to anyone not engaged with or employed by said counsel in the practice of law: (a) attorney work product containing Confidential Information created during the course of the Case; (b) work product of non-testifying consultants/experts containing Confidential Information created during the course of the Case; (c) materials made part of the Court record, or which have been filed under seal with

11

the Clerk of the Court; and (d) file copies of all depositions and Court transcripts, including exhibits.

26.     The terms of this Order are subject to modification by written agreement of all of the Parties.  Any Party may seek modification of any portion of this Order upon motion to the Court.


                s/Patrick J. Duggan
                Patrick J. Duggan
                United States District Judge
Dated: October 5, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 5, 2009, by electronic and/or ordinary mail.

                s/Marilyn Orem
                Case Manager

# ATTACHMENT A

**Attachment A**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALERIS ALUMINUM CANADA L.P. and
ALERIS ALUMINUM KOBLENZ GmgH,    Case No. 09-10490-PJD-RSW

    Plaintiffs,    Honorable Patrick J. Duggan

v.

VALEO, INC.,

    Defendant.
_____/

VALEO, INC.,

    Counter-Plaintiff,

v.

ALERIS ALUMINUM CANADA, L.P.,

    Counter-Defendant.
_____/

**Confidentiality Agreement**

1.    I acknowledge that I am about to receive confidential information supplied by one or more of the Parties to the Protective Order Providing for Confidentiality of Certain Information (the "Order").

2.    I have been provided a copy of the Order governing the restricted use of such confidential information and have read the Order. I agree to be bound by the Order even if I leave my present employment. I will not utilize any documents or information designated "CONFIDENTIAL" ("Confidential Material") or any information contained therein for any

purpose other than the above Case, as defined in the Order.  I agree that I will not reveal Confidential Material or discuss it with anyone except in accordance with the terms of the Order.

3.  At the termination of the Case, I will return to the attorney providing me the Confidential Material all such materials, as well as any copies, summaries, abstracts or other materials incorporating the confidential information, and confirm in writing the return of these materials.

4.  I submit myself to the jurisdiction of the United States District Court for the Eastern District of Michigan as necessary to enforce the provisions of this Order.

Printed Name: _____

Home Address: _____

Home Telephone Number: _____

Current Employer: _____

Employer's Address: _____

Employer's Telephone Number: _____

E-mail Address: _____

Occupation or Job Description: _____

Signed: _____

Dated: _____

DETROIT.3818688.2