UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALERIS ALUMINUM CANADA L.P. and
ALERIS ALUMINUM KOBLENZ GmgH,   Case No. 09-10490-PJD-RSW

    Plaintiffs,   Honorable Patrick J. Duggan

v.   Magistrate Judge R. Steven Whalen

VALEO, INC.,

    Defendant.
_____/

VALEO, INC.,

    Counter-Plaintiff,

v.

ALERIS ALUMINUM CANADA, L.P.,

    Counter-Defendant.
_____/

**<u>Letter Rogatory - André Cloutier</u>**

The United States District Court for the Eastern District of Michigan to the Appropriate Authority in Canada, Greetings:

1. This letter is a request for Canada's international judicial assistance, and the request is made pursuant to the interests of justice.

2. A civil lawsuit is pending in the United States District Court for the Eastern District of Michigan, United States of America in which Aleris Aluminum Canada, L.P. ("**Aleris**") is the Plaintiff/Counter-Defendant and Valeo, Inc. ("**Valeo**") is the Defendant/Counter-Plaintiff.

3. Aleris sued Valeo to collect certain alleged accounts receivable. Valeo counterclaimed against Aleris for breach of contract, breach of contract implied-in-fact, and promissory estoppel. Valeo's claims are based on Aleris': (i) failure to fully disclose to Valeo its dispute with its unionized workforce; (ii) promises to supply Valeo with goods after July 2, 2008; (iii) lock out of its unionized workforce; (iv) declaration of a force majeure; and (v) closing its facility in Cap-de-la-Madeleine,

Québec. Many of these events occurred in July of 2008. Aleris disputes the nature and existence of its contract with Valeo, and whether Aleris breached such contract.

4. This Court is a competent court of law and equity and has proper jurisdiction over the civil lawsuit between Aleris and Valeo under the laws of the United States.

5. This Court has the power to direct the taking of evidence outside of its jurisdiction under Rule 28(b) of the United States Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2).

6. Aleris identified André Cloutier, a Canadian citizen domiciled at a location within your territorial juridiction at 3366 Papineau, Trois-Rivieres, Quebec, G8Z 1P5, as a potential witness.

7. Mr. Cloutier was employed by Aleris to manage the Valeo account. In this capacity, Mr. Cloutier has first-hand factual knowledge that is highly relevant to the claims and issues in this litigation, including with respect to: (i) the existence and nature of the contract between Valeo and Aleris; (ii) Aleris' negotiations with its unionized workforce; (iii) its decision to lock-out its workforce; (iv) its declaration of force majeure; (v) its decision to close its manufacturing facility; (vi) its communications to Valeo regarding these issues; and (vii) promises to Valeo to continue to supply goods after July 2, 2008. Mr. Cloutier may also have documents in his possession relating to these crucial facts and events.

8. For these reasons, Mr. Cloutier's deposition testimony and files are necessary for trial and will be offered at trial, if admissible.

9. This evidence cannot be obtained from another source. Mr. Cloutier was the primary Aleris employee responsible for managing the Valeo account until approximately the second quarter of 2008. Accordingly, Mr. Cloutier has unique and essential knowledge of the events and facts that occurred during that period. The documents in his possession—particularly his personal notes and correspondence—cannot be obtained by or from Aleris or a third-party.

10. The subject matters to be discussed at the deposition are described in the attached Schedule A.

11. The documents that Valeo requests are described in the attached Schedule B.

12. Valeo has attempted and failed to obtain Mr. Cloutier's cooperation in this matter.

13. Valeo is willing to reimburse the judicial authorities of Canada for costs incurred in executing this request.

This Court requests that you will, by proper and usual process, cause André Cloutier to appear at a mutually convenient time and place, not later than 45 days after the execution and entry of an order approving this request, to be deposed and to produce all requested documents.

This Court is ready and willing to offer the same assistance to the judicial authorities of Canada when so requested.

        s/Patrick J. Duggan
        Patrick J. Duggan
        United States District Judge

Dated: January 19, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 19, 2010, by electronic and/or ordinary mail.

        s/Marilyn Orem
        Case Manager

**Letter Rogatory to A. Cloutier**
**Schedule A – Topics of Deposition**

Defendant/Counter-Plaintiff Valeo, Inc. intends to depose André Cloutier regarding the following subjects:

1. Mr. Cloutier's duties and responsibilities as an Account Manager at Aleris, including with respect to the business and contractual relationship between Valeo and Aleris.

2. The business and contractual relationship between Aleris and Valeo.

3. The business and contractual relationship between Aleris and its automotive-industry customers.

4. The contracts and agreements between Aleris and Valeo and the parties' respective obligations under the same.

5. The terms and conditions applicable to the agreements and contracts between Valeo and Aleris.

6. The goods Aleris produced for Valeo during 2008 including their specifications, validation process, and the lead-time necessary to produce them.

7. Valeo's forecasts of its requirements of goods issued to Aleris.

8. Aleris' negotiations or disputes with its unionized workforce preceding Aleris' lockout of its unionized workforce on or about July 2, 2008.

9. Aleris' disclosure to Valeo of its problems with its unionized workforce.

10. Promises, representations, or assurances by Aleris to Valeo that Aleris' labor problems would not affect Aleris' supply of goods to Valeo.

11. Aleris' decision to lock out its unionized workforce and declare a force majeure on about July 2, 2008, and to close its manufacturing facility on or about July 12, 2008.

**Letter Rogatory to A. Cloutier**
**Schedule B – Document Requests**

Defendant/Counter-Plaintiff Valeo, Inc. requests that André Cloutier produce the following documents and communications (including paper documents, electronically stored documents, and emails), to the extent he has any such documents in his possession, custody, or control.

1. All documents and communications relating or referring to the business and contractual relationship between Valeo and Aleris, including the contracts and agreements between Aleris and Valeo and any applicable terms and conditions.

2. All documents and communications relating or referring to Valeo's forecasts of its requirements of goods issued to Aleris.

3. All documents and communications relating or referring to the goods Aleris produced for Valeo during 2008, including their specifications and validation processes.

4. All documents and communications relating or referring to Aleris' negotiations or disputes with its unionized workforce preceding Aleris' lockout of its unionized workforce on or about July 2, 2008.

5. All documents and communications relating or referring to Aleris' disclosure to Valeo of its negotiations or disputes with its unionized workforce.

6. All documents and communications relating or referring to promises, representations, or assurances by Aleris to Valeo that Aleris' labor problems would not affect the supply of goods to Valeo.

7. All documents and communications relating to Aleris' decision to lock out its unionized workforce and declare a force majeure on about July 2, 2008, and to close its manufacturing facility on or about July 12, 2008.

DETROIT.4013284.5