UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALERIS ALUMINUM CANADA L.P. and
ALERIS ALUMINUM KOBLENZ GmbH,
    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No. 09-10490

VALEO, INC.,　　　　　　　　　　　　　　　　　Honorable Patrick J. Duggan
    Defendant.
_____/

VALEO, INC.,
    Counter-Plaintiff,

v.

ALERIS ALUMINUM CANADA L.P.,
    Counter-Defendant.
_____/

**OPINION AND ORDER**
At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 4, 2010.

PRESENT:　　　THE HONORABLE PATRICK J. DUGGAN
　　　　　　　　U.S. DISTRICT COURT JUDGE

Aleris Aluminum Canada L.P. and Aleris Aluminum Koblenz GmbH filed this lawsuit alleging various contract related claims against Valeo, Inc. ("Valeo") on February 9, 2009. On April 2, 2009, Aleris Aluminum Koblenz GmbH voluntarily dismissed its claims. On April 6, 2009, Valeo filed an answer, affirmative defenses, and counterclaims against Aleris Aluminum Canada L.P. ("Aleris"). Presently before the Court is Valeo's Motion for Leave

to Amend Counterclaims.[1]

In its filing on April 6, 2009, Valeo asserted counterclaims alleging breach of contract, breach of contract implied in fact, and promissory estoppel. These counterclaims are based, in part, on Valeo's assertion that its business relationship with Aleris was governed by a set of terms and conditions accepted by Aleris. (*See* Counterclaims ¶ 6.) Valeo believes that its counterclaim allegations provide sufficient notice of its claim that Aleris breached the terms and conditions so as to allow Valeo to seek recovery for a breach of § 5.5 of the terms and conditions. During the course of the litigation, however, Aleris has purportedly challenged the existence of a counterclaim based specifically on § 5.5. For this reason, Valeo filed the present motion to amend "out of an abundance of caution." (Mot. to Amend at 1.)

In response to Valeo's motion, Aleris indicates that it does not oppose the proposed amendment so long as the Court precludes Valeo from re-opening discovery based on the amendment; decides, without additional delay, Aleris's motion for summary judgment filed on January 15, 2010; and allows Aleris to file a second motion for summary judgment addressing the amendment to the counterclaims. Valeo has stipulated that it will not seek to re-open discovery and agrees that Aleris should be afforded an opportunity to challenge any amendment. Nonetheless, Valeo requests that the Court delay resolution of Aleris's previously filed motion for summary judgment until Aleris submits supplemental briefing on the amendment. Valeo asserts that the issues that will be raised in a second motion for summary judgment cannot be decided independently from the issues in the previously filed

---

[1] As discussed in more detail below, there is also a motion for summary judgment filed by Aleris pending before the Court. That motion will be resolved by a separate opinion and order.

motion.

Given Aleris's conditional willingness to allow amendment and Valeo's agreement not to delay the case with additional discovery, the Court grants Valeo's motion to amend. Having briefly reviewed Aleris's previously filed motion for summary judgment, the Court concludes that there is no reason to delay a decision on that motion. In the event Aleris believes that a second motion for summary judgment remains necessary after resolution of the first, Aleris may file a second motion within fourteen (14) days of the Court's opinion on the first.

Accordingly,

**IT IS ORDERED** that Valeo's Motion for Leave to Amend Counterclaims is **GRANTED**.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Sarah C. Lindsey, Esq.
Daniel W. Linna, Jr., Esq.
Edward T. Sable, Esq.